**IN THE UNITED STATES DISTRICTCOURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TELMA O. HALL** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 2:16-cv-00593-CSC |
| | ) | |
| **THE ALABAMA STATE UNIVERSITY,** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ALABAMA STATE UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Alabama State University (hereinafter "ASU"), and through the undersigned counsel, hereby responds to Plaintiff Telma Hall's (hereinafter "Plaintiff" or "Hall") Complaint as follows:

**PRELIMINARY STATEMENT**

1. ASU admits that Plaintiff is a former employee. ASU is without sufficient information to admit or deny the remaining allegations contained in Paragraph 1.

**JURISDICTION AND VENUE**

2. ASU admits the allegations contained in Paragraph 2.

3. ASU admit the allegations contained in Paragraph 3.

4. ASU denies allegations contained in Paragraph 4 and demands strict proof thereof.

5. ASU is without sufficient information to admit or deny the allegations contained in Paragraph 5 and therefore denies the allegations and demands strict proof thereof..

6. ASU is without sufficient information to admit or deny the allegations contained in Paragraph 6 and therefore denies the allegations and demands strict proof thereof..

**PARTIES**

7. ASU admits that Plaintiff is an African-American female who was employed by the University in Montgomery, Alabama.  ASU is without sufficient information to admit or deny the remaining allegations contained in Paragraph 7 and therefore denies the remaining allegations and demands strict proof thereof.

8. ASU admits the allegations contained in Paragraph 8.

9. ASU admits the allegations contained in Paragraph 9.

10. ASU admits that allegations contained in Paragraph 10.

**FACTS**

11. ASU admits the allegations contained in Paragraph 11.  Plaintiff's salary was prorated based on her initial hiring date.

12. ASU admits that Plaintiff commenced her employment at ASU in October, 2005. Plaintiff's employment at ASU ended when she was terminated via letter dated May 2, 2014. ASU admits that Hall was an Adjunct Instructor in 2014.  ASU is without sufficient information to admit or deny that Plaintiff was an Adjunct Instructor in 2013.  ASU denies the remaining allegations contained in Paragraph 12 and demands strict proof thereof.

13. ASU admits that Plaintiff attended ASU and graduated in May 2003 with a B.S. in Physical Education.  ASU denies that Plaintiff's termination was discriminatory and demands strict proof thereof.  ASU is without sufficient information to admit or deny the remaining allegations contained in Paragraph 13.

14. ASU admits that during Plaintiff's tenure at ASU she executed a one page Notice of Employment for the position of Head Women's Softball Coach for the 2005-2006 school year,

2006-2007 school year and 2007-2008 school year. ASU denies the remaining allegations contained in Paragraph 14.

15. ASU admits that Plaintiff executed a one page Notice of Employment for the period of October 17, 2005 to September 30, 2006 which stated that her prorated salary was $32,605.12. ASU denies the remaining allegations contained in Paragraph 15 and demands strict proof thereof.

16. ASU admits that Plaintiff executed a one page Notice of Employment for the period of October 1, 2006 to September 30, 2007 which stated that her salary was $36,614.00. ASU denies the remaining allegations contained in Paragraph 16 and demands strict proof thereof.

17. ASU admits that Plaintiff executed a one page Notice of Employment for the period of October 1, 2007 to September 30, 2008 which stated that her salary was $38,079.00. ASU denies the remaining allegations contained in Paragraph 17 and demands strict proof thereof.

18. ASU is without sufficient information to admit or deny the allegations contained in Paragraph 18 and therefore denies the allegations and demands strict proof thereof.

19. ASU is without sufficient information to admit or deny the allegations contained in Paragraph 19 and therefore denies the allegations and demands strict proof thereof.

20. ASU admits that Mervyl Melendez commenced his employment with ASU as the Head Baseball Coach on or about June 24, 2011. The terms of Melendez's employment are set forth in his contract and the document speaks for itself. ASU denies the remaining allegations contained in Paragraph 20 and demands strict proof thereof.

21. ASU denies the allegations contained in Paragraph 21 and demands strict proof thereof.

22. ASU admits that the United States Department of Education, Office for Civil Rights (OCR) received a complaint against ASU alleging discrimination based on sex. ASU admits that

the OCR conducted an investigation. ASU was not found to have violated any federal laws. ASU denies the reaming allegations contained in Paragraph 22 and demands strict proof thereof.

23. ASU denies the allegations contained in Paragraph 23 and demands strict proof thereof.

24. ASU admits that Plaintiff's salary from October 1, 2007 to September 30, 2008 was $38,079.00 and that this salary remained the same through February,2013. ASU is without sufficient information to admit or deny that Plaintiff's salary from March, 2008 until her termination in May, 2014 was $38,079.00. In regards to the contract for Mervyl Melendez, ASU admits that his annual salary was $125,000.00. The terms of his employment are set forth in his Employment Contract and said document speaks for itself. ASU denies the remaining allegations contained in Paragraph 24 and demands strict proof thereof.

25. ASU admits that Coach Melendez's contract provided opportunities for bonuses. The Notice of Employment for Coach Hall and the Employment Contract for Coach Melendez speak for themselves. ASU denies the remaining allegations contained in Paragraph 25 and demands strict proof thereof.

26. ASU admits that Jose Vasquez's Notice of Employment for the position of ASU's Associate Head Baseball Coach commenced on or about June 21, 2011 and his salary was $80,000.00 per year. ASU denies the remaining allegations contained in Paragraph 26 and demands strict proof thereof.

27. ASU admits that Drew Clark's Notice of Employment for the position of Assistant Baseball Coach commenced in or around June, 2011 and his salary was $40,000.00 per year. ASU denies the remaining allegations contained in Paragraph 27 and demands strict proof thereof.

28. ASU is without sufficient information to admit or deny that in 2012 Hall requested

that ASU increase her salary and provide her with an adequate written employment contract. In addition, ASU is without sufficient information to admit or deny that on September 13, 2012, there was a budget meeting regarding Hall's salary. Moreover, the contracts for the male baseball coaches speak for themselves. ASU denies the remaining allegations contained in Paragraph 28 and demands strict proof thereof.

29. ASU admits the allegations contained in Paragraph 29.

30. ASU admits the allegations contained in Paragraph 30.

31. ASU admits that the Notice of Employment executed by Plaintiff on February 22, 2013 stated that her salary was $38,079.00 and contained performance bonuses. ASU admits that Plaintiff's salary in 2007 was the same as her salary in 2013. ASU denies the remaining allegations contained in Paragraph 31 and demands strict proof thereof.

32. ASU denies the allegations contained in Paragraph 32 and demands strict proof thereof.

33. ASU denies the allegations contained in Paragraph 33 and demands strict proof thereof.

34. ASU admits that the Associate Head Baseball Coach Jose Vasquez's starting salary at ASU was $80,000.00 per year. ASU also admits that Drew Clark's starting salary as Assistant Baseball Coach was $40,000.00 per year. ASU denies the remaining allegations contained in Paragraph 34 and demands strict proof thereof.

35. ASU denies the allegations contained in Paragraph 35 and demands strict proof thereof.

36. ASU admits that by letter dated March 4, 2014, Hall was advised that she was being placed "on administrative leave with pay pending the outcome of the investigation into alleged unsatisfactory conduct pertaining to student-athlete welfare effective immediately." ASU further admits that Hall was directed not to contact students at ASU. ASU admits that Hall was advised that there were allegation of possible NCAA violations and that outside counsel would be

investigating said allegations. ASU denies the remaining allegations contained in Paragraph 36 and demands strict proof thereof.

37. ASU denies the allegations contained in Paragraph 37 and demand strict proof thereof.

38. ASU is without sufficient information to admit or deny the allegations contained in Paragraph 38 and therefore denies the allegations and demands strict proof thereof.

39. ASU denies the allegations contained in Paragraph 39 and demands strict proof thereof.

40. ASU admits that by letter dated May 2, 2014 Hall was advised that she was being terminated from her employment at ASU, effective immediately. Hall was terminated pursuant to ASU's Human Resources Policies and Procedures. ASU admits that at the time of Hall's termination, the NCAA had not issued a formal fining regarding its investigation. ASU denies the reaming allegations contained in Paragraph 40 and demands strict proof thereof.

41. ASU admits that by letter dated May 5, 2014, Hall was advised that she was being removed from benefits, effective June 1, 2014, and that she needed to schedule an exit interview. The letter speaks for itself. ASU denies the remaining allegations contained in Paragraph 41 and demands strict proof thereof.

42. ASU is without sufficient information to admit or deny the allegations contained in Paragraph 42 and therefore denies the allegations and demands strict proof thereof.

43. ASU denies that it "failed to follow its policies and provide due process to Coach Hall due to her gender, female, and in retaliation for filing her" as set forth in Paragraph 43 and demands strict proof thereof. ASU is without sufficient information to admit or deny the remaining allegations contained in Paragraph 43 and therefore denies the remaining allegations and demands strict proof thereof.

44. ASU admits that a response was not sent to Hall's in response to her alleged May 12,

2014 grievance.  ASU denies the remaining allegations set forth in Paragraph 44 and demands strict proof thereof.

45. ASU denies that it engaged in discriminatory and retaliatory suspension and termination of Plaintiff as set forth in Paragraph 45 and demands strict proof thereof.  ASU is without sufficient information to admit or deny the remaining allegations contained in Paragraph 45 and therefore denies the remaining allegations and demands strict proof thereof.

46. ASU admits that on or about August 6, 2014, Plaintiff filed an Amended Charge of Discrimination and the Charge Number was 420-2014-02694.  The charge speaks for itself.  ASU denies the remaining allegations contained in Paragraph 46 and demands strict proof thereof.

47. ASU admits that on November 30, 2015, the EEOC issued a Letter of Determination. The Letter of Determination speaks for itself.  ASU denies the remaining allegations contained in Paragraph 47 and demands strict proof thereof.

48. ASU denies the allegations contained in Paragraph 48 and demands strict proof thereof.

49. ASU denies the allegations contained in Paragraph 49 and demands strict proof thereof.

50. ASU denies the allegations contained in Paragraph 50 and demands strict proof thereof.

## COUNT ONE

## TITLE VII

51. ASU adopt and incorporate herein its responses to Paragraphs 1 through 50 as if fully set forth herein.

52. ASU denies the allegations contained in Paragraph 52 and demands strict proof thereof.

53. ASU denies the allegations contained in Paragraph 53 and demands strict proof thereof.

54. ASU denies the allegations contained in Paragraph 54 and demands strict proof thereof.

55. ASU denies the allegations contained in Paragraph 55 and demands strict proof thereof.

56. ASU denies the allegations contained in Paragraph 56 and demands strict proof thereof.

57. ASU denies the allegations contained in Paragraph 57 and demands strict proof thereof.

58. ASU denies the allegations contained in Paragraph 58 and demands strict proof thereof.

59. ASU denies the allegations contained in Paragraph 59 and demands strict proof thereof.

60. ASU is without sufficient information admit or deny that Plaintiff has satisfied all administrative prerequisites to bring her Title VII claims as set forth in Paragraphs 60 subparagraphs A - D and therefore denies the allegations and demands strict proof thereof.

61. ASU denies the allegations contained in Paragraph 61 and demands strict proof thereof.

## COUNT II

## TITLE VII -RETALIATION

62. ASU hereby adopts and incorporates herein its responses to Paragraphs 1 through 61 as if fully set forth herein.

63. ASU denies the allegations contained in Paragraph 63 and demands strict proof thereof.

64.  ASU denies the allegations contained in Paragraph 64 and demands strict proof thereof.

65. ASU denies the allegations contained in Paragraph 65 and demands strict proof thereof.

66. ASU denies the allegations contained in Paragraph 66 and demands strict proof thereof.

67. ASU denies the allegations contained in Paragraph 63 and demands strict proof thereof.

68. ASU is without sufficient information to admit or deny the allegations contained in Paragraph 68 and subparagraphs A - D and therefore denies the allegations and demands strict proof thereof.

69. ASU denies that Plaintiff is entitled to the relief contained in Paragraphs (A) – (G) of the WHERERFORE PARAGRAPH which appears under Paragraph 68 of Plaintiff's Complaint and

demands strict proof thereof.

## AFFIRMATIVE DEFENSES

ASU states the following defenses without assuming the burden of proof of such defenses that would otherwise rest on Hall:

### FIRST DEFENSE

Hall fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

ASU did not violate Title VII.

### THIRD DEFENSE

ASU did not retaliate against Hall for protesting gender discrimination.

### FOURTH DEFENSE

ASU is not liable to Hall for any damages requested.

### FIFTH DEFENSE

Hall failed to mitigate her alleged injuries or damages.

### SIXTH DEFENSE

ASU is entitled to sovereign immunity pursuant to the Constitution of the State of Alabama.

### SEVENTH DEFENSE

As to Hall's Equal Pay Act claim, any differential in pay was based on a factor other than sex.

## EIGHTH DEFENSE

ASU entitled to sovereign immunity pursuant to the Eleventh Amendment to the United State Constitution.

## NINETH DEFENSE

ASU did not violate the Equal Pay Act.

## TENTH DEFENSE

ASU had legitimate, non-discriminatory reasons for terminating Hall.

## ELEVENTH DEFENSE

Unless specifically admitted above, ASU denies each and every material allegation of Plaintiff's Complaint and demand strict proof thereof.

## TWELFTH DEFENSE

ASU reserves the right to assert other defenses as discovery proceeds and/or if Plaintiff amends her Complaint.

Respectfully submitted,

\_\_\_/s/ Joi C. Scott_____
**KENNETH L. THOMAS (THO043)
JOI C. SCOTT (SCO 032)**

**OF COUNSEL:**

Kenneth L. Thomas, Esq.
Joi C. Scott, Esq.
Office of the General Counsel
**ALABAMA STATE UNIVERSITY**
P. O. Box 271
Montgomery, AL  36101-0271
(334) 229-1465 (phone)
kthomas@alasu.edu
jscott@alasu.edu

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2016, I electronically filed the foregoing and a copy was served upon the following counsel of record electronically via Clerk of the Court using the CM/ECF system.

Candis A. McGowan, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
Attorney
301 19th Street North
Birmingham, AL 35203
CMcGowan@wcqp.com

Sabrina Comer, Esq.
Comer Elder Law, PLLC
325 North Hull Street
Montgomery, Alabama  36104
sabrina@comerelderlaw.com

                                          /s/ Joi C. Scott
                                          **OF COUNSEL**