IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TELMA O. HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 2:16-cv-593-JTA |
| v. | ) |
| | ) (WO) |
| ALABAMA STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant Alabama State University's Motion for Judgment Notwithstanding the Verdict. (Doc. No. 189.) The motion is premature. *See Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1291 (11th Cir. 2016) (suggesting that "a post-verdict, pre-judgment Rule 50(b) motion may be premature" (citing *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1556–57 (11th Cir. 1988)); *Smith v. Metro Sec., Inc.*, No. CV 18-953, 2019 WL 3521923, at *4 (E.D. La. July 29, 2019) ("[T]he Federal Rules of Civil Procedure do not provide for a post-verdict, prejudgment motion for judgment as a matter of law, so" such a motion "amounts to a premature Rule 50(b) motion."); *Hope for Fams. & Cmty. Serv., Inc. v. Warren*, No. 3:06-CV-1113-WKW, 2012 WL 13015103, at *2 (M.D. Ala. June 12, 2012) ("[A] Rule 50(b) renewed motion for judgment as a matter of law made after the jury verdict, but before final judgment, is premature.").[1]

---

[1] In *Hope for Families*, Judge Watkins noted that, although he had pronounced judgment on some claims from the bench following the verdict, other claims remained pending; thus, his oral pronouncement was not a final judgment because it did not adjudicate all claims and was not an

Accordingly, it is ORDERED that Alabama State University's Motion for Judgment Notwithstanding the Verdict (Doc. No. 189) is DENIED without prejudice to refile the motion after entry of judgment.

DONE this 19th day of December, 2022.

*/s/ Jerusha T. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

order from which an appeal could lie. *Hope for Families*, 2012 WL 13015103, at *2. Here, the Court did not orally pronounce judgment after the verdict; therefore, analogous to the situation in Judge Watkins's case, there is as yet no order or decree that could qualify as a judgment under Rule 54(a), but that merely has not yet actually been entered by the clerk. *See* FED. R. CIV. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies." (emphasis added)); 10 MOORE'S FEDERAL PRACTICE - CIVIL § 54.02 (2022) ("A 'decree' is the historic term used to describe the final decision of a federal court sitting in equity."); *cf.* FED. R. CIV. P. 50 advisory committee's note to 1995 amendment ("The phrase 'no later than' is used—rather than 'within'—to include *post-judgment* motions that sometimes are filed before *actual entry of the judgment by the clerk*." (Emphasis added)).